**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ABMAN GLASTER,<br><br>    Plaintiff,<br><br>vs.<br><br>GOLDEN DAYS ADULT DAYCARE CENTER,<br><br>    Defendant. | 2:19-cv-01223-RFB-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS [ECF NO. 1] and COMPLAINT [ECF NO. 1-1] |

  Before the Court is Plaintiff Abman Glaster's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons discussed below, this case should be dismissed and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) should be denied as moot.

  On May 16, 2019, Plaintiff filed an application to proceed *in forma pauperis* and complaint in Case No. 2:19-cv-00842-GMN-VCF. (ECF Nos. 1, 1-1). The complaint brought a 42 U.S.C. § 1983 civil rights claim against the owners and employees of two 7 Elevens and a Golden Days Adult Day Care. (ECF No. 4 at 1). The Court granted the application to proceed *in forma pauperis* and dismissed the complaint with leave to amend, finding that Plaintiff "fails to state how any of the Defendants, apparently private individuals and entities, have acted under the color of state law." (ECF No. 3 at 2-3).

  On July 12, 2019, Plaintiff filed an Amended Complaint against only the 7 Eleven Defendants. (ECF No. 5). In screening the Amended Complaint, I recommended that it be dismissed with prejudice because "Plaintiff again fails to state how Defendants, private individuals and entities with no apparent

1

connection to the government, have acted under the color of state law." (ECF No. 6 at 2). My Report and Recommendation is pending.

On July 12, 2019, Plaintiff also filed a complaint in this new case, Case No. 2:19-cv-01223-RFB-VCF, against employees and owners of Defendant Golden Days Adult Daycare. (ECF No. 1-1). Though the complaint is difficult to read, it appears that Plaintiff alleges that Defendant discriminated against him and refused to provide service to him. (*Id.*). Plaintiff seeks to bring a 42 U.S.C. § 1983 claim against Golden Days Adult Daycare. (ECF No. 1-2). This is consistent with Plaintiff's original complaint in Case No. 2:19-cv-00842-GMN-VCF. (ECF No. 1-1 at 4, 5).

"A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood,* 846 F.2d 1202, 1203-04 (9th Cir.1988).

A § 1983 claim must be brought against a person acting under color of state law. 42 U.S.C §1983. Plaintiff again fails to state how Defendants, private individuals and entities with no apparent connection to the government, have acted under the color of state law. Plaintiff has failed to state a claim upon which relief may be granted. Because allowing an additional opportunity to amend the complaint would be futile, the case should be dismissed.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that this case be DISMISSED and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 18th day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE